

FILED

October 3, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:30 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Deborah Revnew | ) Docket No. 2016-06-0320 |
| | ) |
| v. | ) State File No. 16063-2016 |
| | ) |
| Amazon.com, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims, | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Remanded—Filed October 3, 2016

---

In this interlocutory appeal, the employer challenges the trial court's decision to award medical benefits to an employee alleging injuries resulting from chemical exposure during the course of her employment. The trial court found the employee was likely to succeed in establishing that she suffered a compensable injury and ordered the employer to provide medical treatment. The employer has appealed, arguing that the evidence does not support the trial court's decision. We affirm the trial court and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Charles E. Pierce, Knoxville, Tennessee, for the employer-appellant, Amazon.com, Inc.

Deborah Revnew, Lebanon, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

Deborah Revnew ("Employee") alleges that she sustained injuries as a result of exposure to hazardous chemical fumes on January 29, 2016, while in the course and scope of her employment with Amazon.com, Inc. ("Employer"). Employee was working as a "picker" in a "HazMat" section of Employer's facility when she was exposed to toxic chemicals that had been improperly stored. Although Employee described herself as "healthy" and "strong," the fumes, which were being blown around by a fan, made her eyes and lips burn, her heart race, and she developed a headache. Employee became

1

confused and got "really, really sick," requiring her co-workers' assistance in navigating Employer's facility. She reported the exposure at the time it occurred and sought first aid at AmCare, Employer's on-site medical clinic.

Employee was not offered a panel of physicians, and she sought treatment on her own at CareSpot on January 30, 2016, complaining of dizziness, confusion, a bad cough, and shortness of breath. After assessing dizziness, shortness of breath, and vision problems, Dr. Michelle Cowden, the attending physician, referred Employee for examination and testing at Summit Medical Center. That testing revealed no abnormalities.

Employee returned to Dr. Cowden, at which time she was referred for neurology and ophthalmology evaluations. Dr. Cowden prepared a report regarding Employee's exposure and indicated that her condition was causally related to her employment. Employee saw Dr. Meredith Ezell for an ophthalmology evaluation on February 29, 2016, and she saw Dr. Shan-Ren Zhou for a neurological evaluation on March 15, 2016. Dr. Zhou ordered an MRI of Employee's brain, which revealed no intracranial abnormality, but did reveal pansinusitis, or inflammation of the sinuses, and he referred her to a neuropsychiatrist. Dr. Ezell diagnosed dry eyes and myopia with presbyopia of both eyes. Employee has received no additional medical care.

At an expedited hearing, Employee was the only witness to testify, and her description of the January 29, 2016 incident was uncontradicted. Following the hearing, the trial court found Employee had presented sufficient evidence to establish she was likely to succeed at trial and ordered medical benefits with Dr. Cowden, as well as the payment of Employee's incurred medical expenses. However, the trial court found Employee had presented insufficient proof to establish entitlement to temporary disability benefits or mileage reimbursement.[1] Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;

---

[1] Employee has not appealed the trial court's denial of temporary disability benefits or mileage and, thus, we need not address those issues.

(C)    Do not comply with lawful procedure;

(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

### A.

The first issue raised by Employer is "[w]hether the [e]mployee satisfied her burden of proof to justify the trial court[']s award of benefits when the employee did not present sufficient evidence that would justify an award of benefits at a hearing on the merits." In conjunction with this argument, Employer asserts that the medical records contain no opinion regarding causation and that a "mere notation in a medical record that a patient described an on-the-job injury is insufficient to prove work-relatedness." We find Employee did satisfy the applicable burden of proof at the expedited hearing and, consequently, we agree with the trial court's award of medical benefits.

An injured worker has the burden of proof on every essential element of his or her claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6. In reviewing a trial court's decision that the evidence presented at an expedited hearing is sufficient to find an employee is likely to prevail at trial, we must determine where the preponderance of the evidence lies.

Employer argues the trial court erred in awarding benefits because Employee "has not shown that she is likely to prevail at a hearing on the merits due to the fact that the evidence proffered at the Expedited Hearing was insufficient to sustain an award of benefits at a final hearing." This argument is contrary to the principles set out above. If

3

an injured worker were required prior to trial to provide proof sufficient to "sustain an award of benefits at a final hearing" as Employer suggests, the burden of proof at both stages of a claim would be identical and the language "would likely prevail" in section 50-6-239(d)(1) would be superfluous. Again, at an expedited hearing where pre-trial benefits are at issue, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at trial consistent with section 50-6-239(d)(1).

Here, it is uncontradicted that Employee was exposed to chemicals at work, immediately began experiencing significant symptoms, and Dr. Cowden assessed chemical exposure. Moreover, we note that the record contains a form dated February 27, 2016, on which Dr. Cowden indicates the Employee's condition was causally related to her employment. As Employer has presented no contrary medical proof, Dr. Cowden's opinion is the only medical opinion contained in the record. Accordingly, we have no difficulty affirming the trial court's decision to order medical benefits at this interlocutory stage of the case.

**B.**

Employer's second argument on appeal is that an expedited hearing is not a meaningful process when discovery has not been completed and the evidence is insufficient to award benefits at a compensation hearing. According to Employer, "a workers' compensation judge has the ability to compel an employer to provide benefits to an employee following an Expedited Hearing even if it appears that the employee will not prevail at a final hearing on the merits." Thus, Employer maintains that the expedited hearing process violates due process.[2]

The premise of employer's due process argument – that a trial court may award benefits at an expedited hearing "even if it appears that the employee will not prevail at a final hearing on the merits" – is not the standard upon which a trial court determines whether an employee is entitled to benefits prior to trial. If it appears to the trial court that an employee is not likely to prevail at trial, the trial court should find that the employee has not satisfied his or her burden of proof at the expedited hearing and deny relief. Regardless, the constitutionality of the expedited hearing process was not raised in the trial court and thus the trial court had no opportunity to render a decision regarding the issue. Consequently, the issue is waived. *Norton v. McCaskill*, 12 S.W.3d 789, 795 (Tenn. 2000) (Issues raised for the first time on appeal will usually be deemed waived.); *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this

---

[2] Employer does not indicate whether it relies upon due process principles as embodied in the Tennessee Constitution, the United States Constitution, or both.

rule applies to an attempt to make a constitutional attack."); *Gilliam v. State*, No. 03-C-01-9411-CR-00406, 1995 Tenn. Crim. App. LEXIS 351, at *7-8 (Tenn. Crim. App. Apr. 25, 1995) ("Consideration of an issue raised for the first time on appeal would be unfair to the trial court" and "results in 'ambushing' the other party."); s*ee also* Appeals Board Prac. & Proc. § 5.5 ("Issues or arguments not raised in the Court of Workers' Compensation Claims will be deemed waived on appeal.").

## C.

Employer's final issue on appeal concerns whether the trial court erred in admitting certain medical records and in admitting statements that it alleges are inadmissible under the Tennessee Rules of Evidence.

Regarding the medical records, with the exception of the records from Summit Medical Center and Dr. Zhou, each set of medical records was accompanied by a medical records custodian's certification. Moreover, at the expedited hearing, Employer's attorney indicated that the parties had compiled a set of records "that leads off with Summit Medical on the cover page, *that we've agreed to*." (Emphasis added.) Regardless, while Employer maintains that medical records were admitted into evidence that should have been excluded, Employer does not identify those records, and we decline to speculate as to what record or records Employer asserts should not have been admitted. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her," *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010), and we decline to search the record in an attempt to discover errors that might benefit either party, *see McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

With respect to statements Employer asserts were incorrectly admitted as hearsay, Employer identifies statements contained in Employee's testimony regarding what she was told by others at Employer's facility. Employer also argues that hearsay statements contained in Employee's affidavit were admitted in error. Employer lodged an objection to Employee's affidavit, and the trial court reserved ruling on that objection until issuance of its order. While the trial court's order does not address whether Employer's objection was sustained or overruled, there is no indication that, in rendering its decision, the judge considered any of the statements Employer cites as objectionable, either in Employee's affidavit or in her testimony at the hearing. Thus, any error the trial court may have committed in admitting these statements was harmless.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's

decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). The trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.



**FILED**

**October 3, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:30 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Deborah Revnew | ) | Docket No.    2016-06-0320 |
| | ) | |
| v. | ) | State File No.   16063-2016 |
| | ) | |
| Amazon.com, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of October, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Deborah Revnew | X | | | | | 198 Peace Ave.<br>Lebanon, TN 37087 |
| W. Troy Hart | | | | | X | wth@mijs.com |
| Joshua Davis Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov